UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>KAYLA FISHER,<br><br>    Defendants. | Case No. CV 18-163-JFW (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Jack Robert Smith ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a civil rights complaint ("Complaint") alleging defendant Dr. Kayla Fisher ("Defendant") violated his constitutional rights under 42 U.S.C. § 1983 ("Section 1983") by refusing to release him from his civil commitment at Patton State Hospital. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///

## II.
## **BACKGROUND**

On December 21, 2017, Plaintiff constructively filed[1] a civil rights complaint against Defendant alleging cruel and unusual punishment in violation of the Fourteenth Amendment. ECF Docket No. ("Dkt.") 1, Compl. at 4.

Plaintiff is hospitalized at Patton State Hospital and alleges Defendant "is "keeping [him] hospitalized" although he "do[es] not meet the criteria." Id. at 7. Plaintiff claims there is "no legal basis" for his hospitalization and that Defendant has a "'legal duty' to make sure patients who 'meet the criteria' are 'recommended' out of the hospital." Id.

Plaintiff seeks monetary and punitive damages. Id. at 5.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter,

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Williamson v. Flavan, No. CV 08-3635-R (JEM), 2009 WL 3066642, at *3 (C.D. Cal. Sept. 21, 2009) (applying "mailbox rule" to civilly committed individuals as well).

2

668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (first alteration in original).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if

3

the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. PLAINTIFF'S SECTION 1983 CLAIM FOR DAMAGES IS HECK-BARRED

#### (1) APPLICABLE LAW

In order to recover damages under Section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Ninth Circuit has applied this principle equally to Section 1983 actions that imply the invalidity of a plaintiff's civil commitment. Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005), cert. denied, 547 U.S. 1166, 126 S. Ct. 2325, 164 L. Ed. 2d 844 (2006). The Ninth Circuit reasoned that "Heck's favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," and thus applies not only to prisoners, but to other persons who are "in custody" and thus have access to habeas relief. Id. at 1139. Hence, because civilly committed person have access to habeas relief, a civilly committed person seeking to bring a Section 1983 claim for damages that would imply the invalidity of his civil commitment must first invalidate his civil commitment. Id. at 1140.

///
///

4

**(2) ANALYSIS**

Here, Plaintiff is confined at Patton State Hospital pursuant to a civil commitment order.[2] Plaintiff has now filed this Section 1983 action seeking damages as a result of his continued confinement. However, Plaintiff does not establish or allege his commitment has been invalidated. To the contrary, the crux of his complaint appears to be that Defendant refuses to somehow invalidate his commitment order. Hence, until Plaintiff successfully invalidates his commitment order in state proceedings, or by a federal habeas petition,[3] he may not pursue a Section 1983 claim premised on its invalidity. Heck, 512 U.S. at 487.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or

---

[2] See Smith v. Oreol, CV 17-5943-JFW (KK) (C.D. Cal. Aug. 10, 2017), ECF Docket No. ("Dkt.") 1 at 2. The Court takes judicial notice of Petitioner's other proceedings in this Court. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[3] The Court notes Plaintiff has a pending habeas petition in this Court. See Smith v. Oreol, CV 17-5943-JFW (KK) (C.D. Cal. Aug. 10, 2017), Dkt. 1.

5

rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiffs may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court**

**is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the Court encourages Plaintiffs to use.**

Dated: January 11, 2018

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge